```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :
                                          MEMORANDUM DECISION
         - against -              :
                                          05 Civ. 6069 (DC)
SATURINO BRITO,                   :       99 Cr. 335 (DC)

              Defendant.          :

- - - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**   SATURINO BRITO
Defendant <u>Pro</u> <u>Se</u>
Federal Correctional Institution
P.O. Box 7000
Fort Dix, New Jersey  08640

MICHAEL J. GARCIA, ESQ.
United States Attorney for the
  Southern District of New York
One Saint Andrew's Plaza
New York, New York  10007

**CHIN, D.J.**

Defendant Saturino Brito moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the following grounds: (1) his sentence was illegally enhanced on the basis of judicial fact-finding and (2) his sentence was illegally imposed under an "unconstitutional regime" of mandatory guidelines-sentencing.  For the reasons set forth below, the motion is denied.[1]

---

[1] Because I find that "it plainly appears from the [section 2255] motion . . . and the record of the prior proceedings that [Brito] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant motion.  See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); <u>Armienti v. United States</u>, 234 F.3d 820, 822-23 (2d Cir. 2000).

**BACKGROUND**

**A. The Facts**

In 1998 and 1999, federal agents conducted an investigation of cocaine businesses operating on Amsterdam Avenue in Manhattan, New York. As part of this investigation, a confidential informant (the "CI") and an undercover law enforcement officer (the "UC") engaged in a series of negotiations for the sale of cocaine and cocaine base with Saturino Brito and his co-conspirators. As a result of these negotiations, the CI purchased forty-nine grams of crack cocaine on December 3, 1998, and the CI and the UC purchased sixty-two grams of crack cocaine on December 16, 1998. Though the agents did not observe Brito at the scene of these sales, as he later admitted, Brito participated in the conspiracy. (Presentence Rep. 4-15; Plea Tr. 9-10, 14-16; Plea Agreement).

**B. Prior Proceedings**

Brito was indicted on April 6, 1999, but he was a fugitive until his arrest by the United States Marshals Service on June 25, 2002. At some point plea discussions with the government began, and, on May 1, 2003, Brito entered into a plea agreement with the government. The plea agreement provided that Brito would plead guilty to Count One of the Indictment, which charged him with conspiracy to distribute, and possess with intent to distribute, fifty grams and more of cocaine base in a form commonly known as crack, in violation of 21 U.S.C. § 846.

(Plea Agreement 1). The agreement stipulated that the "offense involved at least 50 grams but less than 150 grams of cocaine base." (Id. at 2). The agreement set out an offense level of twenty-nine after a three-level reduction for acceptance of responsibility and a criminal history category of II, and a sentencing range of 97 to 121 months. (Id. at 2-3). The plea agreement acknowledged, however, that 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A) required a statutory minimum term of 120 months, and hence the parties agreed that Brito's stipulated Sentencing Guidelines range was 120 to 121 months. The plea agreement contained a waiver of Brito's right to appeal or otherwise challenge (under 28 U.S.C. § 2255 or otherwise) any sentence within or below the stipulated range of 120 to 121 months. (Id. at 4). Brito signed the plea agreement (id. at 6), after an interpreter translated it for him and he had discussed it with his lawyer. (Plea Tr. 2, 13-14).

On May 1, 2003, Brito appeared before this Court and pled guilty pursuant to the terms of the plea agreement. Brito used a Spanish interpreter at this conference. At the outset, Brito appeared reluctant to plead guilty. (Id. at 2). The government expressed its intention to file a predicate felony information if Brito did not enter a guilty plea, thereby raising the minimum from a ten-year term of imprisonment to a twenty-year term of imprisonment if Brito were to be convicted. (Id. at 3). The Court offered to postpone the plea allocution until the following day to give Brito additional time to consider his

options.  Brito, however, decided to enter a guilty plea.  (Id. at 4).

The colloquy between the Court and the defendant included the following:

> THE COURT: You do not have to enter this plea if you do not want to for any reason.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: Do you understand that you are charged in Count One of the indictment with conspiracy to distribute and possess with intent to distribute 50 grams and more of cocaine base or crack?
>
> THE DEFENDANT: Yep.
>
> . . . .
>
> THE COURT: Now, I have a question here-- I see that the stipulated range is 100 to 121 months.[2]
>
> MR. ETRA: Yes.
>
> THE COURT: In your plea agreement, you waived your right to appeal or otherwise challenge any sentence that I impose within the stipulated sentencing range of 120 to 121 months.  Do you understand that?
>
> THE DEFENDANT: Yes.

---

[2] The reference in the transcript to 100 months is a typographical error.  As the entire transcript and the plea agreement make clear, the bottom of the stipulated range was 120 months.  Had I misspoken, I am confident that the Assistant would not have said "Yes," and defense counsel would have corrected me.

. . . .

THE COURT: Mr. Brito, tell me what you did.

THE DEFENDANT: I was working for an individual and I delivered drugs to the apartment. I didn't sell drugs to anybody, I just delivered them.

. . . .

THE COURT: And the drug was what drug?

THE DEFENDANT: Cocaine.

THE COURT: Was it crack cocaine?

THE DEFENDANT: I carried it in a bag. I don't know if it was crack.

THE COURT: You knew it was cocaine, but you didn't know whether it was crack cocaine?

THE DEFENDANT: Yes.

THE COURT: You said you were working for an individual. Did you have an agreement with that individual to deliver the drugs for him?

THE DEFENDANT: Yes.

. . . .

THE COURT: So you knew you were delivering drugs for someone who was in the business of illegally selling crack, correct?

THE DEFENDANT: Yes.

THE COURT: And do you agree that you were involved with 50-grams or more of crack?

THE DEFENDANT: Yes.

>           . . . .
>
>       THE COURT:      Mr. Brito, how do you now plead to
>                       Count One of the indictment, guilty
>                       or not guilt[y]?
>
>       THE DEFENDANT: Guilty.
>
>           . . . .
>
>       THE COURT:      Did you do the things that you
>                       are charged with doing in
>                       Count One of the indictment?
>
>       THE DEFENDANT: Yes.

(Id. at 9, 13-17). I advised Brito twice that he was pleading guilty to a crime that carried a mandatory minimum of ten years imprisonment. (Id. at 3, 10). The Court accepted defendant's guilty plea. (Id. at 17).

Following the guilty plea, the probation department prepared a presentence report containing a calculation of the appropriate sentence under the sentencing guidelines. The probation department determined that the appropriate sentencing range was 120 to 121 months and recommended a sentence of 120 months, the minimum statutory requirement under 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A).[3] (Presentence Rep. 25). This calculation mirrored the agreement reached by the parties in the plea agreement. (Plea Agreement 3).

On September 19, 2003, this Court sentenced Brito. The sentencing occurred after the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), but before its

---

[3] Fifty grams of crack is the amount required under Section 841(b)(1)(A)(iii) for a ten-year mandatory minimum.

-6-

decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005) ("Booker/Fanfan").  In a letter to the Court dated September 2, 2003, Brito wrote to request that the Court adjourn the date for sentencing and appoint CJA counsel.  Noting that the case had been pending for four years and that Brito had retained counsel, this Court denied Brito's requests.  (Sent. Tr. 4-5). At Brito's request, the Court deleted paragraph fifty-nine in the pre-sentence report, which stated "Brito was involved in the hand-to-hand sale of crack cocaine on January 19, 1999."  (Id. at 10).  In addition, Brito argued, both in his September 2 letter to the Court and at the sentencing hearing, that he was not subject to the mandatory minimum.  (Id. at 4-8).  He apparently was taking the position that the mandatory minimum did not apply to him because he denied he was involved in a drug sale or knew that he was delivering crack cocaine.  (Id. at 6).  At the sentencing, the following exchange took place:

>     THE COURT:      Did you bring drugs to the apartment?
> 
>     THE DEFENDANT:  Yes, I did bring drugs to the
>                     apartment, but at no time did
>                     I say that it was crack.
>     . . . .
>     THE COURT:      Well, I am asking you now,
>                     were you involved with 50 grams or more
>                     of crack, yes or no?
> 
>     THE DEFENDANT:  I couldn't say because I
>                     always used to bring the drugs
>                     inside a bag.
> 
>     THE COURT:      On May 1 when I asked you that
>                     question you said yes.  Do you
>                     recall that?

```
           THE DEFENDANT:  Well, the way your attention
                           is here, I don't remember, but
                           if that is what is written
                           down there, it must be.

           THE COURT:      Are you asking to withdraw your guilty
                           plea?

           THE DEFENDANT:  No.  My guilty plea, I have already pled
                           guilty, but I would like to be given a
                           break and given the minimum because
                           I am somebody who had been working
                           legally for a long time.  I am not a
                           person who is like a danger to society.
```

(Id. at 6-8).  I sentenced Brito to 120 months imprisonment. (Id. at 12).  This was the lowest sentence in the range stipulated to by the parties and was consistent with the Probation Department's recommendation.

Brito did not appeal.  On August 1, 2005, he filed the present motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.

## DISCUSSION

Brito's motion is denied.  First, he waived his right to challenge his sentence, whether by a motion under § 2255 or otherwise.  Second, even assuming he is not precluded from challenging his sentence, the motion must be denied on the merits.

### A. Waiver of Right to File a § 2255 Motion

Brito's arguments are foreclosed by his plea agreement, for he explicitly agreed that he would "not file a direct appeal from, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the

-8-

stipulated Sentencing range set forth above [120-121 months]."
(Plea Agreement at 4). As the Second Circuit has held,

> In no circumstance . . . may a defendant, who
> has secured the benefits of a plea agreement
> and knowingly and voluntarily waived the
> right to appeal a certain sentence, then
> appeal the merits of a sentence conforming to
> the agreement. Such a remedy would render
> the plea bargaining process and the resulting
> agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993); see also United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) (upholding plea agreement waiver provision even though defendant invoked Booker/Fanfan on appeal); United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998) (upholding plea agreement waiver provision). Moreover, the Second Circuit has clarified that "a defendant who, prior to January 12, 2005, [the date of the Supreme Court's decision in Booker and FanFan,] entered an otherwise enforceable plea agreement that included a waiver of right to appeal a sentence may not seek to withdraw his plea based on alleged mistake as to the mandatory nature of the United States Sentencing Guidelines." United States v. Roque, 421 F.3d 118, 121 (2d Cir. 2005).

Because I sentenced Brito to a term within the stipulated guideline range, he has waived his right to challenge his sentence and the instant motion must be denied on this basis alone.[4]

---

[4] Brito does not assert ineffective assistance of counsel as a ground for his § 2255 motion nor does he challenge the voluntariness of his plea.

**B.   The Merits**

On the merits, Brito argues that: (1) his sentence was illegally enhanced on the basis of judicial fact-finding; and (2) his sentence was illegally imposed under an unconstitutional sentencing regime. I address each claim in turn.

**1.   Judicial Fact-Finding**

Brito claims that his "sentence was illegally enhanced on the basis of facts found by the judge under a preponderance of the evidence standard," apparently referring to findings as to the type and amount of drugs involved in the conspiracy. Brito, however, admitted that he was involved with fifty grams or more of crack. He stipulated to this in the plea agreement and confirmed it at the allocution. (Plea Agreement 2, 6; Plea Tr. 16). Brito was sentenced to the minimum statutory sentence available under 21 U.S.C. § 841(b)(1)(A), the offense to which he pled. Hence, Brito's admissions at the plea conference supported his conviction and sentence and the Court was not required to resolve disputed issues of fact. No judicial fact-finding was necessary because of Brito's admissions. Accordingly, Brito's claim is denied.

**2.   Plea Agreement and Sentencing were Unconstitutional**

Brito further argues that his "sentence was illegally imposed under an unconstitutional regime" of mandatory guidelines sentencing. Brito pled guilty on May 1, 2003, before the Supreme Court declared in Booker that the sentencing guidelines were not

-10-

mandatory but only advisory. See Booker, 125 S. Ct. 738 (2005). Brito argues that the Booker decision should retroactively apply to his case, allowing him to be re-sentenced under a scheme where the guidelines are advisory, and not mandatory.

This argument fails. The Booker decision does not apply retroactively; plea agreements with appeal waivers signed before the decision came down are still valid and binding on defendants. See Roque, 421 F.3d at 121. The Second Circuit addressed this issue after Booker and held that for a defendant "who seeks relief from his sentence but did not in a timely fashion seek relief from the underlying plea, an appeal waiver is enforceable and forecloses the right to appeal under Booker/Fanfan." Morgan, 406 F.3d at 137. The Circuit further provided that a defendant's lack of

> knowledge of his rights under Booker/Fanfan make[] no material difference. His inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.

Id. at 137 (footnotes omitted). Thus, Booker -- decided after Brito's sentencing -- does not apply and provides no remedy or relief. Despite the change in the law, Brito is still bound by his valid plea agreement and appeal waiver.

Moreover, in this case, Brito pled guilty to an offense carrying a minimum mandatory sentence of 120 months. Further, Brito knowingly signed a plea agreement whereby he stipulated to

-11-

a range of 120 - 121 months.  The Court sentenced Brito to the bottom of the range -- 120 months -- and the minimum sentence required under 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A).  There is no basis, given Brito's appeal waiver and the circumstances of this case, for a Booker appeal or re-sentencing.  Even if Booker were applicable retroactively, it would be of no help to Brito because he stipulated to the quantity of crack necessary to trigger the mandatory minimum, and no jury determination was necessary.  Hence, this claim is denied.

## CONCLUSION

For the reasons set forth above, Brito has failed to demonstrate any basis for relief under 28 U.S.C. § 2255.  Accordingly, the motion is denied.  Because defendant has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall close this case.

SO ORDERED.

Dated: New York, New York
       November 16, 2005

_____
DENNY CHIN
United States District Judge

a range of 120 - 121 months. The Court sentenced Brito to the bottom of the range -- 120 months -- and the minimum sentence required under 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A). There is no basis, given Brito's appeal waiver and the circumstances of this case, for a Booker appeal or re-sentencing. Even if Booker were applicable retroactively, it would be of no help to Brito because he stipulated to the quantity of crack necessary to trigger the mandatory minimum, and no jury determination was necessary. Hence, this claim is denied.

## CONCLUSION

For the reasons set forth above, Brito has failed to demonstrate any basis for relief under 28 U.S.C. § 2255. Accordingly, the motion is denied. Because defendant has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall close this case.

SO ORDERED.

Dated: New York, New York
November 16, 2005

DENNY CHIN
United States District Judge